# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1769

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jeffrey Phillips, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 13, 2010
Filed: December 27, 2010

_____

Before LOKEN, ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Jeffrey Phillips pleaded guilty to threatening a United States Judge in violation of 18 U.S.C. § 115(a)(1)(B). The district court[1] sentenced him to a term of ninety-six months of imprisonment followed by three years of supervised release. Based on Phillips's previous history of sexually assaulting minor children, the district court imposed a special condition of supervised release which prohibits Phillips from possessing material either depicting the nudity of minors or depicting certain types of sexual activity. Phillips appeals contending the special condition of supervised release

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

is overbroad, more burdensome than necessary to serve federal sentencing goals, and too vague to give him notice of the conduct prohibited by the special condition.

The special condition of supervised release at issue states as follows:

> The defendant shall neither possess nor have under his/her control any material, legal or illegal, that contains or depicts nudity of minors, or any sexual activity, i.e: [sic] sexual intercourse or attempted sexual intercourse, vaginal, anal, or oral. This includes, but is not limited to, any material obtained through access to any computer, including a computer for employment purposes, or any other material linked to computer access or use.

Addendum at 5.

All of the challenges Phillips lodges against the special condition pertain to the language referring to "any other material linked to computer access or use." Phillips contends this language prohibits him from possessing a broad range of material beyond that which "contains or depicts nudity of minors, or any sexual activity, i.e: [sic] sexual intercourse or attempted sexual intercourse, vaginal, anal, or oral." As the government aptly notes, Phillips is mistaken. The special condition does not prohibit Phillips from all material linked to computer or internet usage: it only prohibits him from possessing material depicting the nudity of minors or the specific sexual activities listed, including such specified materials that might be obtained via computer or over the internet. The words "[t]his includes," which open the second sentence containing the objected-to phrase, clearly demonstrate an intent for the computer usage restrictions outlined in the second sentence to relate back to the specific materials referred to in the first sentence (material depicting the nudity of minors and the specified types of sexual activity).

We conclude the phrase, as properly construed, does not prohibit Phillips from all computer or internet usage. The special condition only prohibits him from possessing certain types of sexually explicit material specifically tailored to address Phillips's history of sexually assaulting minor children and of using certain kinds of pornography to accomplish the sexual assaults. See 18 U.S.C. § 3583(d)(1) (requiring special conditions of supervised release to be "reasonably related" to the history and characteristics of the defendant).

Accordingly, we affirm.

_____